Polaris Venture Partners VI., L.P. v Ad-Venture Capital Partners, L.P. (2022 NY Slip Op 00148)





Polaris Venture Partners VI., L.P. v Ad-Venture Capital Partners, L.P.


2022 NY Slip Op 00148


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 650623/18 Appeal No. 15024-15024A Case No. 2021-00240, 2021-01760, 2021-03256 

[*1]Polaris Venture Partners VI., L.P., et al., Plaintiffs-Respondents,
v
Ad-Venture Capital Partners, L.P., et al., Defendants-Appellants.


Arnold & Porter Kaye Scholer LLP, New York (Michael A. Lynn of counsel), for appellants.
Goodwin Proctor LLP, New York (Gerard J. Cedrone of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about December 14, 2020, which denied defendants' motion to compel deposition testimony, unanimously affirmed, without costs. Order, same court and Justice, entered May 18, 2021, which granted plaintiffs' motion for summary judgment awarding damages based on the difference between the appraisal value and the purchase price of the shares of stock at issue, unanimously reversed, on the law, without costs, and the motion denied.
In this action for breach of a stock transfer agreement, which gave plaintiffs an option to purchase additional shares of ISN Software Company stock, the motion court prematurely determined that the Delaware merger appraisal value of ISN shares should provide the measure of plaintiffs' damages for defendants' breach of the agreement. Issues of fact remain as to whether, but for defendants' breach, the option shares would have been subject to appraisal based on a second squeeze-out merger and would have been given the same appraisal valuation as the other ISN shares in the Delaware appraisal proceeding. If the outstanding issues of fact in this regard are resolved in favor of plaintiffs, it will be appropriate to apply the Delaware appraisal in determining plaintiffs' damages award.
The court properly denied defendants' motion to compel additional deposition testimony. Defendants seek the testimony to support their theory that damages should be based not on the appraisal value but on the fair market value of ISN. Given the outstanding issues of fact in this matter, such discovery would be premature. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022